**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1163
_____

IN RE:  JEFFREY D. HILL,
                                                   Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 11-mc-00297)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 2, 2012
Before:  SLOVITER, FISHER AND WEIS, Circuit Judges

Opinion filed: February 14, 2012
_____

OPINION
_____

PER CURIAM.

         In October 2011, Jeffrey D. Hill filed a complaint in the District Court

against Century 21 Appraisals and the Lycoming County Assessment Office.  In

accordance with sanctions that the District Court imposed on Hill,[1] a Magistrate Judge

reviewed the complaint and issued a report and recommendation, recommending that the

_____

         [1] As a result of Hill's filing of numerous documents containing offensive and
derogatory material, the District Court imposed sanctions on Hill, requiring him "to
obtain certification from a United States Magistrate Judge prior to filing a future civil
action within the Middle District of Pennsylvania."  M.D. Pa. No. 08-cv-00591.

complaint be dismissed with prejudice as frivolous. Hill filed objections to the report and recommendation, and then filed two letters regarding the status of the case in November and December 2011. On January 24, 2012, Hill filed a pro se mandamus petition with this Court, seeking to compel the District Court to review the Magistrate Judge's Report and Recommendation.[2]

Mandamus is a drastic remedy available in only the most extraordinary circumstances. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). "A petitioner seeking the issuance of a writ of mandamus must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Although we may issue a writ of mandamus when a district court's "undue delay is tantamount to a failure to exercise jurisdiction," id., the manner in which the district court controls its docket is discretionary, see In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982).

The District Court has yet to accept, reject, or modify the Magistrate Judge's report and recommendation regarding Hill's complaint. See 28 U.S.C. § 636(b). This, however, does not constitute a failure to exercise jurisdiction. We are confident that the District Court will review and act on the Magistrate Judge's report and recommendation regarding Hill's complaint. Accordingly, we will deny Hill's mandamus petition without prejudice to his right to seek mandamus relief should the

---

[2] Hill also filed a mandamus petition in the District Court. The Magistrate Judge recommended that the petition be denied.

2

District Court fail to timely accept, reject, or modify the Magistrate Judge's report and recommendation.